UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BIG TIME HOLDINGS, LLC,

    Appellant,

  v.

ROBERT J. MUSSO,

    Appellee.

**MEMORANDUM & ORDER**
18-CV-3535 (MKB)

---

MARGO K. BRODIE, United States District Judge:

  Appellant Big Time Holdings, LLC, filed this appeal on June 18, 2018, arising from a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (Notice of Appeal, Docket Entry No. 1.) On March 4, 2019, Appellant filed a letter requesting leave to file a motion for the Court's recusal "due to the discriminatory and adverse treatment the Appellant[] [has] been receiving from the Court." (Appellant Ltr. dated Mar. 4, 2019, Docket Entry No. 19.) On March 13, 2019, the Court entered an order responding to several of Appellant's letters to the Court regarding the manner in which the Court has presided over this bankruptcy appeal. (Order dated Mar. 13, 2019.) In the Order, the Court detailed the procedural history of this action and denied Appellant's application for the Court's recusal. (*Id.*)

  On March 21, 2019, Appellant filed a second motion for recusal. (Appellant Mot. for Recusal ("Appellant Mot."), Docket Entry No. 24.) For the reasons explained below, the Court denies Appellant's motion.

## I. Background

After filing its notice of appeal on June 18, 2018, Appellant filed its brief on April 10, 2018, (Appellant Br., Docket Entry No. 3), and Appellee filed his brief on September 7, 2018, (Appellee, Docket Entry No. 5).

On September 12, 2019, Flushing Bank filed a motion for leave to file an amicus brief and a letter requesting that the Court approve its proposed briefing schedule. (Flushing Bank Mot. for Leave to File Amicus Br., Docket Entry No. 6; Flushing Bank Ltr. dated Sept. 12, 2019, Docket Entry No. 7.) By Order dated September 13, 2018, the Court adopted Flushing Bank's proposed briefing schedule and ordered that Appellant serve an opposition to Flushing Bank's motion on or before September 26, 2018. (Order dated Sept. 13, 2018.)

On September 14, 2018, Appellant filed a reply brief, (Appellant Reply Br., Docket Entry No. 9), and Appellant's counsel filed a letter informing the Court that he "expect[ed] to be out of work for [twenty] weeks" after undergoing knee surgery and would not be able to engage in the practice of law during that time, (Appellant Ltr. dated Sept. 14, 2018, Docket Entry No. 8). Counsel also requested that the Court deny Flushing Bank's motion as untimely.[1] (*Id.*)

On September 22, 2018, counsel for Appellant filed a letter again informing the Court of his bilateral knee replacement and stated that he would be "out on disability indefinitely as of September 24, 2018." (Appellant Ltr. dated Sept. 22, 2018, Docket Entry No. 10.)

By Order dated September 24, 2018, the Court informed Appellant's counsel that the Court could not delay briefing "indefinitely" or for several months, as Appellant's request

---

[1] That same day, Appellant's counsel called Chambers and behaved in an unprofessional manner. By Order dated September 14, 2018, the Court ordered Appellant's counsel not to call Chambers unless he behaved in a professional manner and, in the same Order, denied Appellant's request that the Court deny Flushing Bank's motion as untimely. (Order dated Sept. 14, 2018.)

seemed to suggest, and advised Appellant to seek alternative arrangements, if necessary, for responding to Flushing Bank's motion. (Order dated Sept. 24, 2018.) Having received no response from Appellant, the Court granted Flushing Bank's motion to file an amicus brief on October 19, 2018. (Order dated Oct. 19, 2018.)

On January 30, 2019, Appellee filed a letter requesting a pre-motion conference in anticipation of its motion to dismiss. (Appellee Ltr. dated Jan. 30, 2019.) On January 31, 2019, the Court denied Appellee's request for a conference and ordered Appellee to propose a briefing schedule for the anticipated motion to dismiss. (Order dated Jan. 31, 2019.) That same day, Appellant filed a letter opposing Appellee's letter requesting a pre-motion conference. (Appellant Ltr. dated Jan. 31, 2019, Docket Entry No. 12.)

On February 6, 2019, Appellee filed a proposed briefing schedule, (Appellee Ltr. dated Feb. 6, 2019, Docket Entry No. 13), and on February 7, 2019, Appellant filed a letter opposing Appellee's application to file a motion to dismiss, (Appellant Ltr. dated Feb. 7, 2019, Docket Entry No. 14).

By Order dated February 11, 2019, the Court adopted Appellee's proposed briefing schedule for his anticipated motion to dismiss. (Order dated Feb. 11, 2019.) Appellant subsequently filed numerous letters requesting conferences with the court, a stay of appeal, and the Court's recusal from the action. (Appellant Ltrs. dated Mar. 4, 2019, Mar. 5, 2019, and Mar. 12, 2019, Docket Entry Nos. 19, 21, 23.) By Order dated March 13, 2019, the Court denied Appellant's request to stay the action, extended Appellant's time to respond to Appellee's motion to dismiss, and denied Appellant's application for recusal. (Order dated Mar. 13, 2019.)

Appellant filed a second motion for recusal on March 31, 2019. (Appellant Mot. for Recusal.)

## II. Discussion

### a. Standard of review

Section 455(a) of title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Liteky v. United States*, 510 U.S. 540, 546 (1994). This provision "is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Id*. at 557–58. "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id*.; *see also El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (noting that in considering whether to recuse itself from a case, a court must consider whether "'an objective, disinterested observer fully informed of the underlying facts[] [would] entertain significant doubt that justice would be done absent recusal'" (quoting *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000))); *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107–08 (2d Cir. 2012) (same).

Disagreement with a court's decision, in and of itself, is not a sufficient basis to grant a recusal motion. *LoCascio v. United States*, 473 F.3d 493, 495–96 (2d Cir. 2007) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *S.E.C. v. Razmilovic*, No. 04-CV-2276, 2010 WL 2540762, at *4 (E.D.N.Y. June 14, 2010) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." (citation omitted)); *LoCascio v. United States*, 372 F. Supp. 2d 304, 314–15 (E.D.N.Y. 2005) ("Although phrased differently in the countless cases in which the principle is announced, simply stated it is

4

that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion and that the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."), *aff'd*, *LoCascio*, 473 F.3d at 493. "[A] high threshold is required" to satisfy the standard for recusal. *Liteky*, 510 U.S. at 557–58. "Recusal motions are committed to the sound discretion of the district court." *LoCascio*, 473 F.3d at 495.

### b. Appellant fails to show a basis for the Court's recusal

Appellant challenges the Court's rulings on the various applications filed in this case. In addition, Appellant points to the Court's March 13, 2019 Order and states that the order contains "what can only be described as lies – three (3) lies to be specific." (Appellant Mot. 2.) First, by referencing a September 24, 2018 Order because "there is no September 24, 2018 Order." (*Id*. at 2 (emphasis omitted).) In support of his claim, Appellant attaches screenshots of his emails to show that the Court did not enter an order on September 24, 2018. (List of Emails annexed to Appellant Mot. as Ex. A, Docket Entry No. 24-1.) Second, that the Court has responded to Appellant's requests for extensions of time and letters informing the Court of Appellant counsel's knee surgery because the "statement is a complete and unadulterated lie from beginning to end." (Appellant Mot. 3.) Lastly, that the Court considered and rejected Appellant counsel's arguments in opposition to Appellee's request to file a motion to dismiss because the "statement is again a complete unadulterated lie from beginning to end." (*Id*. at 4.)

### i. The Court's September 24, 2018 Order

Contrary to Appellant's belief, the docket contains an Order issued by the Court on September 24, 2018 which states:

> ORDER re 10 Letter Disability Letter Submission. The Court is
> willing to grant Appellant an extension to respond to Flushing

> Bank's motion for leave to file an amicus brief. However, the Court cannot delay briefing "indefinitely" or for several months, as Appellant's request seems to suggest. If necessary, Appellant must make alternative arrangements for responding and must specify how much time Appellant needs to do so. Ordered by Judge Margo K. Brodie on 9/24/2018. (Morel, Christopher) (Entered: 09/24/2018)

(Order dated Sept. 24, 2018). Appellant is advised to review the docket in this matter prior to accusing this Court of engaging in "complete fabrication." (Appellant Mot. 3.) The Court will assume that Appellant simply has not had the opportunity to carefully review the docket and will ignore his failure to do so on this occasion.[2]

### ii. The Court's rulings on Appellant's requests

Appellant also contends that the Court "lied" in its September 24, 2018 letter by stating that it (1) has responded to counsel's requests for extensions, and (2) had considered and rejected counsel's arguments in opposition to Appellee's request for leave to file a motion to dismiss. (Appellant Mot. 2.) Appellant argues that the Court's statements are "complete and unadulterated lie[s] from beginning to end" because counsel for Appellant has written "nine letters" to the Court and has not received "one response from the Court, not one." (*Id*. at 3.)

---

[2] Appellant also challenges the Court's September 24, 2018 Order advising Appellant that the Court cannot delay briefing indefinitely by arguing that he never requested that briefing be delayed indefinitely. Counsel for Appellant argues that neither he nor his doctors suggested that briefing in the action should be delayed indefinitely. (Appellant Mot. 3.) However, as stated in the Court's September 24, 2018 Order, counsel for Appellant's letter and the letters from his doctors advised the Court that Appellant's counsel would be "out on disability indefinitely as of September 24, 2018," (Appellant Ltr. dated Sept. 22, 2018), would be "temporarily disabled pending total knee replacement," (Ltr. from Dr. John J. Santucci, annexed to Appellant Ltr. dated Sept. 22, 2018 as Ex. B, Docket Entry No. 10-2), and "out of work until further notice," (Ltr. from Dr. Bruce A. Seideman dated September 20, 2018, annexed to Appellant Ltr. dated Sept. 22, 2018 as Ex. C, Docket Entry No. 10-3). Indeed, counsel's letter asked the Court to reconsider its briefing schedule "in light of [his] medical problems" because he was "unable to participate in opposing" Flushing Bank's application for leave to file an amicus brief. (Appellant's Ltr. dated Sept. 22, 2018.) In light of Appellant counsel's letter and the letters from his doctors, the Court entered the September 24, 2018 Order informing Appellant that the Court could not delay briefing indefinitely and advised counsel to make alternative arrangements for responding, if necessary.

6

As stated in the Court's March 13, 2019 Order, the Court considered and rejected Appellant counsel's arguments in opposition to Appellee's request to file a motion to dismiss. The Court is not in the letter-writing business; the Court responds to requests by issuing orders. Nor is the Court required to issue a response to each of Appellant's filings. The Court considered Appellant's filings and rendered its rulings. Appellant's disagreement with the Court's decision to allow Appellee to file a motion to dismiss is not grounds for recusal. *See Razmilovic*, 2010 WL 2540762, at *4–5 (holding that the court would not recuse itself when party moved for motion of recusal after judge made "unfavorable rulings against [party] which ultimately led to the entry of a default judgment against him on the issue of his liability for violations of securities laws").

Appellant has not made any allegations that are supported by facts to suggest that an objective, disinterested observer would question the Court's impartiality because of its decision allowing Appellee to file a motion to dismiss. *See Harrison v. Cty. of Nassau*, No. 15-CV-2712, 2018 WL 4583491, at *1–2 (E.D.N.Y. Sept. 24, 2018) (denying the plaintiff's motion for recusal because the court's rulings did not "exhibit any favoritism or antagonism towards either side" and "to the extent plaintiff alleges any other improper conduct, those allegations are completely unsubstantiated and baseless"); *see also El Omari*, 735 F. App'x at 31 (finding that the district court did not abuse its discretion in denying a motion for recusal where the court's law clerk engaged in a "brief ex parte conversation" with "counsel regarding the proper procedure for how to request a document be sealed"); *Carlton*, 534 F.3d at 100 (affirming lower court's decision to deny motion for recusal because even comments by judges that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" (internal quotation marks and citations omitted)). The Court therefore denies

Appellant's recusal motion.

The Court warns Appellant that before he accuses this Court of "lying" about its orders, he would be better served reviewing the docket, and responding to the pending motion. The Court will impose sanctions for any further unsupported allegations against this Court.

### III. Conclusion

For the foregoing reasons, the Court denies Appellant's motion for recusal.

Dated: April 15, 2019
       Brooklyn, New York

                              SO ORDERED:

                                    s/ MKB
                              MARGO K. BRODIE
                              United States District Judge