UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

BIG TIME HOLDINGS, LLC,

      Appellant,      **MEMORANDUM & ORDER**
                      18-CV-3535 (MKB)

    v.

ROBERT J. MUSSO,

      Appellee.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Appellant Big Time Holdings, LLC, filed this appeal on June 18, 2018, appealing an order issued in a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). (Notice of Appeal, Docket Entry No. 1.) Appellant appeals the Bankruptcy Court's June 10, 2018 Order confirming Appellee's sale of property located at 200-15 Linden Boulevard, St. Albans, New York (the "Property"). (Notice of Appeal; Order Confirming Sale, annexed to Notice of Appeal as Ex. A, Docket Entry No. 1.) Currently before the Court is Appellee's motion to dismiss the appeal as statutorily moot. (Appellee Mot. to Dismiss ("Appellee Mot."), Docket Entry No. 17; Appellee Mem. of Law in Supp. of Appellee Mot. ("Appellee Mem."), Docket Entry No. 17-5.) Appellant opposes the motion. (Appellant Aff'm in Opp'n to Appellee Mot. ("Appellant Opp'n"), Docket Entry No. 26.) For the reasons explained below, the Court grants Appellee's motion.

**I. Background**

  The following facts are drawn from the parties' submissions on the motion and the Bankruptcy Court's record on appeal. The facts are undisputed unless otherwise noted.

On March 1, 2017, Appellant filed a voluntary bankruptcy petition pursuant to Chapter 11 of the United States Bankruptcy Code. (Ch. 11 Voluntary Pet., *In re Big Times Holdings, LLC*, No. 17-BK-40960, Docket Entry No. 1.) The bankruptcy petition stayed a foreclosure sale of the Property previously ordered by the New York State Supreme Court, Queens County. (Appellee Mot. 5; Appellant Opp'n 6.) Upon filing of the bankruptcy petition, Flushing Bank filed a secured claim in the amount of $297,535.13 in the Bankruptcy Court proceeding. (Appellee Mot. 5.)

On September 20, 2017, Appellant filed a motion to sell the Property free and clear of liens under 11 U.S.C. 363(f). (Bankruptcy Court R. ("R.") 11; Appellee Mot. 5.) Flushing Bank filed a limited objection to the motion, arguing that the procedure Appellant proposed would cause undue delay and that the sale "did not provide for payment of Flushing [Bank's] claim from the proceeds of the sale." (Appellee Mot. 5.) On November 2, 2017, the Bankruptcy Court granted Flushing Bank's request for appointment of an operating trustee, and, on November 8, 2017, the Bankruptcy Court appointed Appellee as operating trustee. (Appellee Mot. 5; R. 13.)

On December 29, 2017, the Bankruptcy Court granted Appellee's application to employ Maltz Auctions, Inc. ("Maltz") as broker to Appellee. (R. 14–15.) On February 15, 2018, Maltz filed a notice of proposed use, sale, or lease of the Property. (R. 16; Appellee Mot. 5.) Although the notice indicated that objections were to be filed on or before March 13, 2018, Appellant failed to file any objection. However, on February 14, 2018, Andrew P. Jones, Esq., as President of Appellant, filed a motion to stay all proceedings and enforcement of orders. (R. 16; Mot. to Stay, annexed to Appellee Mot. as Ex. A, Docket Entry No. 17-1.) Jones requested a stay in light of Appellant counsel's motion to be relieved as counsel, and also requested additional time to seek counsel and "oppose outgoing counsel's application for fees and other open motions."

(Mot. to Stay 1.) By order dated April 2, 2018, the Bankruptcy Court denied Jones' motion for a stay because he "failed to demonstrate any legal or factual basis for the relief requested." (Order dated Apr. 2, 2018, annexed to Appellee Mot. as Ex. B, Docket Entry No. 17-2.) Neither Jones nor Appellant appealed the Bankruptcy Court's order denying a stay.

On April 18, 2018, the Bankruptcy Court converted the case to a proceeding under Chapter 7 of the United States Bankruptcy Code. (R. 21.) On April 25, 2018, the Bankruptcy Court resolved a "limited objection" to the sale of the Property and allowed the trustee to proceed with the Sale of the Property on April 26, 2018. (R. 22.) Maltz conducted an auction for the sale of the Property, and Charles Okoh (the "Purchaser") bid $445,000.000. (Appellee Mot. 6.) Because the Purchaser's bid was the highest bid at the auction, Appellee accepted the bid. (*Id.*)

On April 27, 2018, Appellee filed a motion to confirm the sale of the Property to the Purchaser. (R. 22.) Appellant objected to the motion, arguing that the sale of the Property was a "product of fraud" and in violation of New York State law. (R. 23; Appellee Mot. 6.) After a hearing, the Bankruptcy Court found that the Purchaser was acting in good faith when he purchased the Property. (Appellee Mot. 7.) By order dated June 10, 2018, the Bankruptcy Court confirmed the sale of the Property to the Purchaser (the "Sale Order"). (R. 25–26.) Based on the evidence at the hearing, the Bankruptcy Court found that the "Purchaser is a purchaser acting in good faith as such term is used in the Bankruptcy Code and is entitled to the protection set forth in section 363(m) of the Bankruptcy Code if he consummates a purchase of the Property in accordance with this Order and the Terms and Conditions of Sale." (R. 26.) The Sale Order provided for the sale of the Property free of all claims, liens, and interests in the Property. (R. 26.)

On June 18, 2018, Appellant appealed the Bankruptcy Court's Sale Order to this Court.

## II. Discussion

### a. Standard of review

District courts have appellate jurisdiction over "final judgments, orders, and decrees" entered in bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the legal conclusions of a bankruptcy court *de novo*, and its factual findings for clear error. *Wenegieme v. Macco*, No. 17-CV-1218, 2018 WL 334032, at *2 (E.D.N.Y. Jan. 9, 2018) (citing *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000)). "A finding is 'clearly erroneous' when, on consideration of the record as a whole, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bongiovanni v. Grubin*, No. 15-CV-2617, 2016 WL 4059349, at *3 (E.D.N.Y. July 28, 2016) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001)).

### b. Statutory mootness

Appellee argues that this appeal is statutorily moot because the sale of the Property occurred prior to the filing of this appeal, and Appellant did not seek nor obtain a stay pending appeal. (Appellee Mem. 2.)

Appellant argues that it "attempted twice to get the Bankruptcy Court to grant Appellant[] a stay," that section 363(m) of the Bankruptcy Code is unconstitutional under the Fifth and Fourteenth Amendments of the U.S. Constitution, and that Flushing Bank engaged in fraudulent conduct with regard to the mortgage on the Property. (Appellant Opp'n 7–9.)

Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith,

4

> whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C.A. § 363. The Second Circuit has interpreted this provision to mean that when a sale is not stayed, a rule of "statutory mootness" substantially limits appellate review of a sale order entered under sections 363(b) or (c) of the Bankruptcy Code, and the only issue to be decided is whether the sale was made to a good-faith purchaser. *In re WestPoint Stevens, Inc.*, 600 F.3d 231, 247 (2d Cir. 2010); *see also In re Motors Liquidation Co.*, 428 B.R. 43, 53 (S.D.N.Y. 2010) ("The Second Circuit, like the majority of other circuits, strictly enforces this so-called statutory mootness rule of section 363(m), such that, 'regardless of the merit of an appellant's challenge to a sale order, a reviewing court may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted.'" (alteration omitted) (first quoting *Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 105 F.3d 837, 840 (2d Cir. 1997); and then citing *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings, Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 85 (S.D.N.Y. 2009))). The Second Circuit has observed that the "traditional equitable definition" of "good faith purchaser," is "one who purchases the assets for value, in good faith and without notice of adverse claims." *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (quoting *Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985). In addition, the "good faith" component of this inquiry is "focused on the purchaser's conduct in the course of the bankruptcy proceedings," and whether the purchaser engaged in "fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale." *Id.*; *see also In re Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997). "Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings; where there is a lack of such integrity, a good faith finding may not be made." *In re Gucci*, 126 F.3d at 390.

The Bankruptcy Court entered an order on April 25, 2018, resolving Flushing Bank's limited objection to the sale and approving the sale of the Property by public auction to be held on April 26, 2018. (Order dated Apr. 25, 2018.) Appellant did not request a stay of the order approving the sale. By auction held on April 26, 2018, the Property was sold. (*See* Trustee Report of Sale, *In re Big Times Holdings, LLC*, 17-BK-40960, Docket Entry No. 152.) After the trustee filed the Report of Sale, on June 10, 2018, the Bankruptcy Court entered an order confirming the sale. (Sale Order.) The order provided that "based on the evidence at the hearing on the Motion, Purchaser is a purchaser acting in good faith as such term is used in the Bankruptcy Code and is entitled to the protection set forth in section 363(m) of the Bankruptcy Code if he consummates a purchase of the Property." (*Id*. at 2.) The Sale Order also provided that the "Purchaser shall be entitled to the protection of section 363(m) of the Bankruptcy Code with respect to the sale of the Property approved and authorized herein in the event this Order or any authorization contained herein is reversed or modified on appeal." (*Id*. at 2–3.)

Subsequent to the sale, Appellant objected to the sale of the Property and requested a stay from the Bankruptcy Court because "success on this Objection can end . . . th[e] action in favor of the [Appellant]." (Debtor Obj. to Trustee Confirming Sale 8, *In re Big Times Holdings, LLC*, 17-BK-40960, Docket Entry No. 153.) The Bankruptcy Court did not stay enforcement of its order confirming the sale of the Property. Appellant therefore failed to obtain a stay pending appeal of the Bankruptcy Court's order confirming the sale of the Property.[1]

---

[1] The Court notes that in Appellant's brief to this Court appealing the Sale Order, Appellant mentions that he is requesting a stay of enforcement of the Bankruptcy Court's Sale Order pending appeal. (Appellant Br. 12, Docket Entry No. 3 ("Given that a success on this Objection can end in this action in favor of the Debtor, we respectfully ask the court to stay these proceedings in its entirety and enforcement of all orders pending out of this motion for all the facts and issues raised above and any and other further relief that the court may deem just and

Further, Appellant's argument that section 363(m) is unconstitutional under the Fifth and Fourteenth Amendments is meritless. While Appellant states that this provision is unconstitutional because the case "turns on whether one obtains a stay or not thus denying a litigant his right of appeal which a litigant is [c]onstitutionally entitled to as long as it is timely filed," (Appellant Opp'n 9), he provides no legal support for his conclusory assertion and the Court therefore declines to entertain his argument.[2] Moreover, the Second Circuit has repeatedly relied on section 363(m) in affirming district courts' dismissals of bankruptcy appeals. *See, e.g.*, *Frank v. Lynch*, 728 F. App'x 71, 72 (2d Cir. 2018) (finding that the district court "properly ruled that the bankruptcy appeals were moot" under section 363 because "the sale of the house had already occurred"); *In re Friedberg*, 634 F. App'x 333, 335 (2d Cir. 2016) (finding that the

---

proper.").) Construing this statement as a request for a stay of the enforcement of the Sale Order, the request is procedurally improper. Whether filed in the bankruptcy court or district court, Rule 8007 of the Federal Rules of Bankruptcy Procedure requires a request for a stay to be brought by motion with notice to all parties, and requires "reasons for granting the relief requested[,] . . . affidavits or other sworn statements supporting facts subject to dispute . . . [,] and relevant parts of the record." *See* Fed. R. Bankr. P. 8007(b)(4). Rule 8007 also provides that a motion to stay can only be made in the district court when the appellant makes a showing that "moving first in the bankruptcy court would be impracticable" or "if a motion was made in the bankruptcy court, either . . . that the court has not yet ruled on the motion, or . . . that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b)(2)(A)–(B), and (3). Appellant provides no indication that moving for a stay in the Bankruptcy Court would have been impracticable nor does Appellant provide reasons for granting the stay, sworn statements, or relevant parts of the record.

[2] Although the Court declines to consider Appellant's argument, the Eight Circuit Bankruptcy Appellate Panel has rejected a similar argument. *See In re Veg Liquidation, Inc.*, 583 B.R. 203, 213 (B.A.P. 8th Cir. 2018) (rejecting the trustee's Fifth Amendment due process argument, which suggested "that the bankruptcy court interpreted [section] 363(m) to bar de novo review by an Article III court unless the Article I court issuing the order grants a discretionary stay," because the argument wrongly assumed that the trustee could not obtain a stay of the judgment from an Article III court"); *see also Northcutt v. Leasure*, No. 13-CV-25, 2013 WL 2458709, at *3–4 (W.D. Ky. June 6, 2013) (rejecting the appellant's argument that section 363(m) denied him his due process rights where the petitioner was given reasonable notice of the section 363(m) sale and section 363(m) "moots appeal from the unstayed [s]ale order").

7

district court properly dismissed the bankruptcy appeal under section 363(m) where "the sale of the [p]roperty was not stayed pending appeal"). Indeed, the Second Circuit has emphasized "the uniquely important interest in assuring the finality of a sale that is completed pursuant to 11 U.S.C. § 363(b) or (c) in bankruptcy proceedings." *In re WestPoint*, 600 F.3d at 248; see also *In re Rare Earth Minerals*, 445 F.3d 359, 363 (4th Cir. 2006) ("Section 363(m) codifies Congress's strong preference for finality and efficiency in the bankruptcy context, particularly where third parties are involved.").

Accordingly, Appellant's challenge to the Bankruptcy Court's approval of the Sale Order is moot, and the Court's appellate jurisdiction is limited to the issue of whether the successful bidder of the Property was a good faith purchaser.

Appellant has not presented any allegations to suggest that the Purchaser was not a good faith purchaser. Indeed, Appellant's brief and opposition to Appellee's motion is devoid of any argument that the Purchaser did not act in good faith in bidding for and purchasing the Property. As a result, there is no basis in the record to disturb the Bankruptcy Court's decision approving the sale of the Property. As the Bankruptcy Court noted in the Sale Order, several bidders attended the auction, and the Purchaser "offered to buy the Property for $445,000.00, plus a buyer's premium of 5% or $22,500.00." (Sale Order.) The Purchaser's bid was "the highest and best bid received at the Sale" and the Trustee "accepted the bid according to the Terms and Conditions of Sale." (*Id*.) Because the record lacks any evidence suggesting that the Purchaser did not purchase the Property in good faith, Appellant has not shown that the Bankruptcy Court erred in finding that the Purchaser acted in good faith. *In re Colony Hill Assocs.*, 111 F.3d at 276; *see also Deep v. Danaher*, 310 F. App'x 433, 434 (2d Cir. 2009) (affirming denial of motion to stay sale because "[n]othing in the record indicate[d] that [the purchaser] acted in bad

faith in purchasing the property and there is no evidence that [the purchaser] inappropriately influenced the bankruptcy court's scheduling of the sale"); *In re Motors Liquidation Co.*, 428 B.R. at 54 (finding the bankruptcy appeal of a sale order moot where applications for a stay pending appeal were denied by the bankruptcy court and the district court, appellants did not contest the bankruptcy court's finding that the purchaser was acting in good faith, and there were no allegations to suggest that the good faith finding was erroneous); *In re Metaldyne Corp.*, 421 B.R. 620, 625 (S.D.N.Y. 2009) (affirming the bankruptcy court's finding of good faith because the appellant "fail[ed] to cite to any portion of the record" supporting its assertion that the bankruptcy court erred in finding good faith).

### III. Conclusion

For the foregoing reasons, the Court dismisses the appeal. The Clerk of Court is directed to close this case.

Dated: June 24, 2019
      Brooklyn, New York

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge